# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 13-793

**JAMES LONG**

**VERSUS**

**BENGAL TRANSPORTATION**

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 12-06213
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery,
Judges.

**AFFIRMED AS AMENDED.**

**H. Douglas Hunter**
**Guglielmo, Lopez, Tuttle, Hunter & Jarrell, L.L.P.**
**306 East North Street**
**P. O. Drawer 1329**
**Opelousas, LA 70571-1329**
**(337) 948-8201**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Bengal Transportation**

**Eugene A. Ledet, Jr.**
**Dalrymple & Ledet, L.L.C.**
**1450 Dorchester Drive (71301)**
**P. O. Drawer 14440**
**Alexandria, LA 71315**
**(318) 442-1818**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**James Long**

**EZELL, Judge.**

In this workers' compensation case, Bengal Transportation Services appeals the decision of the workers' compensation judge (WCJ) below awarding James Long supplemental earning benefits (SEB), as well as penalties and attorney fees. For the following reasons, we hereby affirm the decision of the WCJ.

Mr. Long was injured in a workplace accident on June 24, 2011, while working for Bengal as a truck driver. He suffered a left ankle fracture, requiring surgery. Bengal does not dispute the workplace injury. Dr. Catherine Johnson, Mr. Long's orthopedist, determined that Mr. Long was at maximum medical improvement status on May 22, 2012, and he was released to return to work at medium duty. A functional capacity evaluation (FCE) was conducted which concluded that Mr. Long would be able to perform his pre-accident job with modifications. Specifically, the FCE restricted Mr. Long from squatting or crouching, limited walking to thirty minutes at a time, and limited him to thirty pounds of pushing and/or pulling.

Bengal hired Buster Fontenot, a vocational rehabilitation specialist, to perform a job assessment on Mr. Long. He concluded that Mr. Long could return to work at Bengal in a position where he would drive only, not binding his loads. This position was approved by Dr. Johnson. Unfortunately, this position did not exist at Bengal; drivers are required, under federal law, to inspect their trucks and trailers before every run, as well as their loads before the run, within the first fifty miles, and thereafter every 150 miles or three hours of drive time, whichever comes first, and readjust the bindings if needed. Mr. Long was instead offered his prior position at full duty, which required him to climb, stoop, squat, and kneel in order to perform the inspections. When he did not report for work at his old

position, Bengal terminated SEB and Mr. Long filed the current workers' compensation action.

After trial, the WCJ determined that Mr. Long established that he was unable to earn ninety percent of his pre-injury wages and that Bengal failed to show that there was a position available for him which would pay him at least 90% of his pre-injury earnings. Moreover, the WCJ determined that the termination of benefits was arbitrary and capricious. Bengal was ordered to reinstate SEB and was assessed a $4,000.00 penalty and attorney fees of $7,500.00 for the suspension of benefits. From that decision, Bengal appeals.

Bengal asserts two assignments of error on appeal. It claims that the WCJ erred in awarding Mr. Long SEB, and that the WCJ erred in awarding him penalties and attorney fees for the termination of his benefits.

In *Dean v. Southmark Const.,* 03-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117, the supreme court stated:

> In worker's compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. *Brown v. Coastal Construction & Engineering, Inc.,* 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10, (citing *Alexander v. Pellerin Marble & Granite,* 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 710). Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. *Alexander,* 630 So.2d at 710. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Robinson v. North American Salt Co.,* 02-1869 (La.App. 1 Cir.2003), 865 So.2d 98, 105. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Robinson,* 865 So.2d at 105.

Bengal first claims that the WCJ erred in awarding Mr. Long SEB after he was able to return to work as a truck driver.

"The purpose of [SEBs] is to compensate the injured employee for the wage earning capacity he has lost as a result of his accident." *Banks v. Industrial Roofing & Sheet Metal Works, Inc.,* 96-2840 (La.7/1/97), 696 So.2d 551, 556. An employee is entitled to receive SEBs if he sustains a work-related injury that results in his inability to earn ninety percent (90%) or more of his average pre-injury wage. La. R.S. 23:1221(3)(a). Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his inability to earn that amount under the facts and circumstances of the individual case. *Banks, supra* at 556. "In determining if an injured employee has made out a prima facie case of entitlement to [SEBs], the trial court may and should take into account all those factors which might bear on an employee's ability to earn a wage." *Daigle v. Sherwin–Williams Co.,* 545 So.2d 1005, 1009 (La.1989) (quoting *Gaspard v. St. Paul Fire and Marine Ins. Co.,* 483 So.2d 1037, 1039 (La.App. 3 Cir.1985)). It is only when the employee overcomes this initial step that the burden shifts to the employer to prove, by a preponderance of the evidence, that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employee's community or reasonable geographic location. La. R.S. 23:1221(3)(c)(i); *Banks, supra* at 556; *Daigle, supra* at 1009.

*Poissenot v. St. Bernard Parish Sheriff's Office,* 09-2793, pp. 4-5 (La. 1/9/11), 56 So.3d 170, 174 (alteration in original)(footnote omitted). "In determining whether a [workers' compensation judge's] finding that an employee has met his initial burden of proving entitlement to SEBs is manifestly erroneous, a reviewing court must examine the record for *all* evidence that bears upon the employee's inability to earn 90% or more of his pre-injury wages." *Seal v. Gaylord Container Corp.,* 97-688, p. 8 (La. 12/2/97), 704 So.2d 1161, 1166.

According to Mr. Long's testimony, he is unable to squat, kneel, stoop, crouch, or crawl. This is corroborated by the FCE, as well as the medical records of Dr. Johnson. It's further clear from the testimony of Bengal's representative and safety director, Ms. Dana Myers, that there was never a job available to Mr. Long only driving a truck. The only job that that was available to him at Bengal was his full prior employment, which entailed inspections of his truck and load as

3

frequently as four to five times a day under federal law. Mr. Long testified that these inspections would require him to squat, kneel, stoop, crouch, or crawl - all tasks he could not physically perform and that he was restricted from doing by his physician. Accordingly, there is a reasonable factual basis for the WCJ's finding that Mr. Long had established that he's entitled to SEB. As that finding is supported by the record, it cannot be manifestly erroneous. This assignment of error is without merit.

Finally, Bengal claims that the WCJ erred in granting Mr. Long penalties and attorney fees for its termination of Mr. Long's benefits. The Louisiana Supreme Court discussed the meaning of "reasonably controverting a claim" in *Brown v. Texas-LA Cartage, Inc.,* 98-1063, p. 9 (La. 12/1/98), 721 So.2d 885, 890, as follows:

> In general, one can surmise from the plain meaning of the words making up the phrase "reasonably controvert" that in order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits. Thus, to determine whether the claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed.

The determination of whether an employer should be cast with penalties and attorney fees in a workers' compensation case is essentially a question of fact and subject to the manifest error/clearly wrong standard of review. *Reed v. Abshire,* 05-744 (La.App. 3 Cir. 2/1/06), 921 So.2d 1224.

The record before this court does not show that the WCJ erred in granting Mr. Long penalties and attorney fees for Bengal's failure to pay SEB. The medical

4

records show that the one job Mr. Long was cleared for by his doctor was for a position where he would drive only. This position, as stated by Ms. Myers, did not exist. In fact, Ms. Myers testified that the only position ever offered him back his old job at full duty, which he could not perform due to his injury and the restrictions imposed by his physician. The fact that Mr. Long was never offered the imaginary driving-only position shows that Bengal did not rely on Mr. Fontenot's report prior to the termination of benefits, as it knew the job offered required more than driving only. Bengal cannot rely on a report by a vocational rehabilitation specialist as reasonably controverting Mr. Long's claims when Bengal itself admitted that the report was faulty. There is no evidence the WCJ's awards of penalties and attorney fees were manifestly erroneous. Thus, this assignment of error is also without merit.

Mr. Long has answered this appeal seeking additional fees for work done on appeal. Considering our decision affirming the judgment, Mr. Long is entitled to additional attorney fees for work done on appeal, and same will be awarded.

For the above reasons, the decision of the WCJ is hereby affirmed. Mr. Long is awarded additional attorney fees of $3,000.00 for work performed on this appeal. Costs of this appeal are hereby assessed against Bengal Transportation.

**AFFIRMED AS AMENDED.**